ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiff
NOEMI CANCHE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMI CANCHE,<br><br>    Plaintiff,<br><br>vs.<br><br>EAGLE ADJUSTERS, INC., SMH LLC, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No:  5:19-CV-00119<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3) CONVERSION** |

COMPLAINT

Plaintiff Noemi Canche hereby complains against defendants Eagle Adjusters, Inc. ("Eagle Adjusters"), SMH LLC dba Cars 911 ("Cars 911"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff purchased an automobile pursuant to a retail installment sales contract from defendant Cars 911, an automobile dealership, in Los Angeles, California. Plaintiff purchased the car primarily for personal, family, or household use. Cars 911 took a security interest in the vehicle, which was collateral for the contract. Cars 911 sold the contract to Capital One Auto Finance, and plaintiff began making her monthly installment payments to Capital One.

2. Capital One forced Cars 911 to repurchase a portfolio of loans, which included plaintiff's contract. Capital One told plaintiff that Cars 911 had paid off her loan balance. Plaintiff received the pink slip to her vehicle. Cars 911 never notified plaintiff in writing that it had repurchased her contract. Another finance company got into contact with plaintiff and claimed it owned her contract, and demanded that she make a payment at a convenience store. Plaintiff refused to make a payment to a company she had never heard of, at a convenience store.

3. Plaintiff was confused as to what was happening with her loan. She contacted Cars 911 to try to clear up who owned the loan, and establish a payment schedule. Cars 911 was not cooperative. Cars 911 requested that plaintiff rescind the contract and sign a new one, and plaintiff declined. Not knowing whom she should pay, or who if anyone owned her contract, plaintiff stopped making the payments she had faithfully made up until the time Capital One closed her account.

4. Without any notice to plaintiff, or any attempt to obtain payments on the contract it now claimed to own, Cars 911 hired defendant Eagle Adjusters, either directly or through a repossession forwarder, to repossess plaintiff's vehicle.

5. Eagle Adjusters and the Doe defendants repossessed plaintiff's vehicle by entering private property which was secured by a locked gate, without

permission. Accordingly, Eagle Adjusters and the Doe defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609, the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6).

6.   The contract between Cars 911 and plaintiff is governed by the Rees-Levering Automobile Sales Finance Act, Civil Code § 2981 et seq.  Under the Act, Cars 911 was required to send plaintiff a post-repossession notice granting her the right to reinstate or redeem her contract. Civil Code § 2983.2(a).  Cars 911 failed to send plaintiff the required notice, and sold plaintiff's vehicle for its own benefit. This was a violation of the Act and a conversion.

7.   Cars 911 also failed to send the ten-day written notice of sale of plaintiff's vehicle which is required by Commercial Code § 9614, before selling it. This was a violation of the UCC and a conversion.

## JURISDICTION AND VENUE

8.   The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.   Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

10.   Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

11.   Defendant Eagle Adjusters, Inc. is a California corporation with its principal place of business in Ontario, California.

12.   Defendant SMH LLC is a California limited liability company with its principal place of business in Los Angeles, California.

13.     Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

14.     Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

**FIRST CAUSE OF ACTION**
**(Against Defendant Eagle Adjusters for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

15.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

16.     Plaintiff is a "consumer" who allegedly owed a "debt", and defendant Eagle Adjuster is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a.  Defendant Eagle Adjusters uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

17.     Defendant Eagle Adjusters violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

18.     Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. §

1692k.

19. Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k. Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

20. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

21. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

23. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

24. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and

practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

25. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendant Eagle Adjusters violated Bus. & Prof. Code § 7502.1(a) and committed a misdemeanor, by violating Bus. & Prof. Code § 7508.2(d). Defendant Eagle Adjusters also committed the crime of trespass, in violation of Penal Code 602(n). Defendant Cars 911 committed a misdemeanor, as set forth at Civil Code § 2983.6, when it willfully failed to provide plaintiff with statutory written notice under Civil Code § 2983.2(a).

26. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

27. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

28. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

29. Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Against All Defendants for Conversion)

30. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

31. Plaintiff was entitled to immediate possession of her vehicle at the time of repossession, because Eagle Adjusters had no right to repossess the vehicle in breach of the peace.

32. Defendant Eagle Adjusters wrongfully deprived plaintiff of the possession of her vehicle by taking it in breach of the peace.

33. After repossession, plaintiff was entitled to immediate possession of her vehicle by paying the reinstatement or redemption amount to Cars 911, pursuant to her rights under the Rees-Levering Act and the UCC.

34. After repossession, defendant Cars 911 wrongfully deprived plaintiff of possession of her vehicle, by failing to issue her the notices required by Civil Code § 2983.2(a) and Commercial Code § 9614, thus depriving her of statutory reinstatement/redemption rights, and then selling her vehicle without the required notices.

35. Plaintiff demanded her vehicle back from Cars 911 after repossession, but Cars 911 had already sold it.

36. Plaintiff has suffered and is entitled to recover damages for defendants' conversion of her property.

37. Defendants acted with malice, oppression, and/or fraud towards plaintiff, within the meaning of Civil Code §3294, thereby entitling her to an award of punitive damages.  Defendant Cars 911 has engaged in a malicious, oppressive, and fraudulent pattern and practice of conversion and violations of the Rees-Levering Act and UCC, by repossessing the vehicles of many of the consumers whose vehicles were in the repurchased Capital One portfolio, and then failing to issue post-repossession notices to these consumers, and selling their vehicles for its own benefit.

38. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: January 22, 2019

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorneys for Plaintiff
NOEMI CANCHE